UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CATHERINE T. GILCHRIST,
    Plaintiff

VS.                                  CIVIL ACTION NO.: 04-40235-FDS

SPUHL a/k/a SPUHL AG ST. GALLEN,
    Defendant

## MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS

## NATURE AND STATUS OF THE PROCEEDINGS

Pursuant to the provisions of Fed.R.Civ.P Rule 12(b)(5), the defendant, Spuhl a/k/a Spuhl AG St. Gallen ("Spuhl"), moves this Court to quash plaintiff's summons and dismiss plaintiff's complaint on the grounds that service of process was not made as proscribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. ("Hague Convention").

The plaintiff in this case is a resident of Oxford, Massachusetts. The defendant, Spuhl, is a foreign corporation with its principal place of business in Wittenbach, St. Gallen, Switzerland. See Complaint, ¶¶1&2. Plaintiff claims to have sustained personal injuries with damages exceeding $100,000 as a result of a defective machine manufactured and designed by the defendant.

Plaintiff originally filed this action in Worcester Superior Court, Civil Action No. 04-1781C. On or about October 11, 2004, the plaintiff attempted service of the summons and complaint via certified mail on Spuhl in Wittenbach, St. Gallen, Switzerland. According to the summons, the Worcester County Sheriff purportedly made service of process on Spuhl on

{H:\PA\Lit\10309\55018\A0748326.DOC}

October 11, 2004.  See Summons[1] Defendant filed a timely Notice of Removal on November 10, 2004, citing diversity jurisdiction under 28 U.S.C.§1332.

Plaintiff now moves to quash the summons and dismiss the Complaint on the grounds that plaintiff failed to effectuate service of process on a foreign corporation located in Switzerland pursuant to the provisions of the Hague Convention.

## Argument

Where plaintiff has made service in a manner prescribed by state law, this Court must look to state law to determine if the attempted service was effective. Wilson *v.* Holiday Inn Curacao N.V., 322 F. Supp. 1052 (D.C. Mass 1971).  Although plaintiff attempted service via certified mail under Mass.R.Civ.P. 4(e)(3), the provisions of the Hague Convention preempt any such inconsistent method of state service upon a foreign corporation.  Golub *v.* Isuzu Motors, 924 F. Supp. 324, 326 (D. Mass. 1996).  Notwithstanding the applicability of the Convention to this action, service also was improper under both state and federal rules of civil procedure.

A.  Plaintiff's Service Fails Under The Hague Convention

The Hague Convention is a multilateral treaty, formed in 1965, for the purpose of simplifying service of process abroad, assuring that defendants sued in foreign jurisdictions receive actual and timely notice of suit, and facilitating proof of service abroad. Volkswagenwerk Aktiengesellschaft *v.* Schlunk, 486 U.S. 694, 699 (1988).  Use of the Convention procedures, where applicable, is mandatory in all civil or commercial matters "where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, 362, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A. Fed. R. Civ. P. 4, note, at 58 (West

---

[1] A copy of the summons and complaint filed by plaintiff is attached to Defendant's Notice of Removal, dated October 10, 2004.

2004)(Article 1); Volkswagenwerk v. Schlunk, 486 U.S. at 699. Thirty-two countries, including the United States and Switzerland, have ratified or acceded to the Convention.

Specific procedures must be followed to accomplish service of process under the Convention. Each member state is required to establish a central authority to receive service of documents from other countries (Article 2.) Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state, or by a method designated by the requester and compatible with that law. (Article 5). The central authority must then provide a certificate of service that conforms to a specified model. (Article 6).

Although the Convention does allow for "the freedom to send judicial documents, by postal channels, directly to persons abroad", (Article 10), or through diplomatic or consular agents, (Article 8), Switzerland has specifically objected to such methods of service. 28 U.S.C.A. Fed. R. Civ. P. 4, note, at $72^2$. Switzerland also follows the majority of member states in requiring that the served documents be translated into the language of the authority's address unless the addressee accepts them voluntarily. Id.

In the present case, plaintiff made no attempt to comport with the provisions of the Convention. In fact, she attempted service in the very manner specifically rejected by Switzerland, namely: by merely mailing a copy of the summons and complaint, written in English, directly to the defendant at its place of business. Service of process, therefore, is invalid and the summons must be quashed.

---

[2] Moreover, at least one jurisdiction has held that Article 10 does not permit service of a summons and complaint by registered mail to a defendant in a foreign country, but, rather, merely provides a method to serve subsequent documents after service has been obtained by means of a central authority. Bankston v. Toyota Motor Corp., 889 F.2d. 172 (8th Cir. 1989)

B. <u>Failure of Service Under Massachusetts' Law</u>

Assuming, arguendo, that the Convention does not conflict with state law, plaintiff's method of service still fails. Mass.R.Civ.P. 4(e)(3) does allow for service outside the Commonwealth "by any form of mail addressed to the person to be served and requiring a signed receipt"; however, such service upon a corporation must be made upon "the president, treasurer, clerk ... agent or other officer in charge of its business, or, if no such officer is found within the county, upon any member of the corporation." M.G.L. c. 223 §§37-38.

In the present case, Plaintiff attempted service upon the defendant by means of certified or registered mail. In <u>Media Duplication Services</u> v. <u>HDG Software</u>, 928 F.2d 1228, 1234 fn.6 (1st Cir. 1991), the First Circuit noted that service attempted in such a manner is insufficient under Massachusetts law, recognizing that "the obvious purpose of requiring that the mailing be addressed to (and served upon) certain designated individuals is to ensure that the material will be brought to the attention of a person with proper authority immediately. If the material is simply addressed to the corporation and may be signed by or for anyone at that address, it could easily fail to arrive in the proper hands in a timely manner." <u>Id</u>.

As service upon the defendant was addressed merely to the defendant corporation, and not to an acceptable individual as required by M.G.L. c. 223, §37, plaintiff has failed to effectuate service pursuant to state law.

C. <u>No Ratification Under Fed.R.Civ.P. Rule 4</u>

Finally, plaintiff's method of service cannot be ratified by application of the Federal Rules of Civil Procedure. Rule 4 governs service of process upon a foreign corporation. By its express terms, Rule 4(f)(1) requires compliance with the provisions of the Hague Convention wherever applicable. Neither of the two exceptions created by Rule 4 apply to the present case.

First, plaintiff's mailing does not comply with the very specific "notice and request" procedure set forth in Rule 4(d). That provision allows for a formal waiver of service by foreign individuals or corporations otherwise subject to service under the Hague Convention; however, far more is required than the mere sending of certified or registered mail. The request must be in writing, addressed to an individual officer or other designated agent of the defendant, and in the specific form required by the Rules. Fed. R. Civ. P. 4(d)(1).

Second, plaintiff's method of service cannot be ratified under Rule 4(f)(3)(allowing service "by other means not prohibited by international agreement as may be directed by the court"). Resort to Rule 4(f)(3) is intended only as a final effort to make service when the means otherwise available under an international treaty have failed. Marcantonio v. Primorsk Shipping Corp., 206 F. Supp. 2d. 54, 56 (D.Mass. 2002). Even assuming that Plaintiff had exhausted her remedies under the Convention, Switzerland has expressly rejected the mail service permitted under Article 10.

### Conclusion

WHEREFORE, the defendant, Spuhl, respectfully requests that this Court quash the summons purportedly served on the Defendant and dismiss this action in accordance with Fed. R. Civ. P. 12(b)(5) for plaintiff's failure to effectuate service pursuant to the provisions of the Hague Convention, Mass. R. Civ. P. 4 or Fed. R. Civ. P. 4.

                        **SPUHL a/k/a SPUHL AG ST. GALLEN,**
                        By its attorneys,

                        /s/ Joan O. Vorster
                        Joan O. Vorster, Esq.   BBO #550375
                        Michele P. Rosano, Esq.   BBO #554043
                        Mirick, O'Connell, DeMallie & Lougee, LLP
                        100 Front Street
                        Worcester, MA 01608-1477
                        Phone: (508) 791-8500  Fax: (508) 791-8502

## CERTIFICATE OF SERVICE

I, Joan O. Vorster, Esq., hereby certify that I have this day served a copy of the foregoing document, via facsimile, and by mailing a copy, first class mail, postage prepaid, to **Jennie L. Caissie**, Esq., Three Bowlen Avenue, Southbridge, MA 01550.

                        /s/ Joan O. Vorster

Dated: November 18, 2004             Joan O. Vorster, Esq.