UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.: 04-40235-FDS

CATHERINE T. GILCHRIST,
    Plaintiff

vs.

SPUHL, a/k/a SPUHL AG ST. GALLEN,
    Defendant

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### BRIEF PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff, Catherine Gilchrist, is a resident of Oxford, Massachusetts. The Defendant, Spuhl, a/k/a Spuhl AG ST. Gallen (hereinafter *Spuhl*) is a foreign corporation headquartered in Wittenbach, St. Gallen Switzerland. The Defendant manufactures assembly machines and exports them to the United States. On October 5, 2001, the Plaintiff was employed by Leggett and Platt and worked at the company's facility in Oxford, MA. On October 5, 2001, the Plaintiff was working in Oxford, MA on an assembly machine that was manufactured by the Defendant. Due to a defect in the assembly machine, the Plaintiff suffered injuries to her right hand, including amputation of her right index finger and partial amputation of her right middle finger.

On September 9, 2004, the Plaintiff filed a Complaint and Claim of Jury Trial in the Worcester Superior Court, Docket No. 04-1781C. The Plaintiff served the Complaint and Summons under the Massachusetts Long Arm Statue. The Defendant had transacted business in the Commonwealth, solicited business in the Commonwealth, the plaintiff's claim arose out of the Defendant's transaction of business in the Commonwealth and the defendant's acts caused a tortious injury to the Plaintiff in the Commonwealth. Further, service of the complaint and summons under the Long Arm Statue did not offend the requirements of due process established under the United States Constitution and took into account the Commonwealth's interest and the Plaintiff's interest in obtaining relief.[1]

What the Plaintiff did not know at the time of service of the complaint and summons, was that when the Defendant became a party to the Hague Service Convention in 1995, it made a

---

[1] M.G.L. ch. 223A §§3 and 6.

## II) ISSUES

1- Whether the plaintiff's complaint should be dismissed and the summons quashed where the Defendant in fact received notice of the complaint and summons and voluntarily accepted service and where dismissal of the complaint would forever bar the Plaintiff from filing suit against the Defendant, as the statue of limitations has tolled?

2- Whether the Plaintiff should be allowed to correct any purported deficiencies in the service of process and thereby serve the complaint and summons pursuant to the Hague Convention, where due process will be served, and the Plaintiff has already sent the defense counsel a copy of the complaint and summons in both German and English the and where the Defendant will suffer no prejudice if said relief is granted?

## III.) ARGUMENT

### A.) THE DEFENDANT IN FACT RECEIVED NOTICE OF THE COMPLAINT AND SUMMONS TIMELY AND VOLUNTARILY ACCEPTED SERVICE, CONTACTED THEIR DEFENSE COUNSEL IMMEDIATELY

The Plaintiff served a complaint and summons on the Defendant, a foreign corporation, via the Massachusetts Long Arm Statue.[6] Under Massachusetts law, Massachusetts court may exercise personal jurisdiction over a non-resident defendant only where it is authorized by statue and it is consistent with due process guarantees of the United States Constitution.[7] Out of state service may be made pursuant to Massachusetts Rules of Civil Procedure, Rule 4 (e)(3). This rule embodies the procedure for service that is set out in the long arm statue.[8] Rule 4 states in relevant part that "When any statue or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall by made by delivering a copy of the summons and the complaint: . . . (3) by any form of mail addressed to the person to be served and requiring a signed receipt; . . . "[9]

In this case, the Plaintiff effected service of the complaint and summons on the Defendant by certified mail, which the Defendant voluntarily accepted as is evidenced by the signed receipt acknowledging the same from the Defendant.[10] In their memorandum, the Defendant suggests that because the service was not made on a designated officer of the corporation, it is insufficient.

---

[6] G.L. ch. 223A.

[7] Id.

[8] G.L. ch. 223A §§6 and 7.

[9] M.R.C.P. Rule 4(e)(3).

[10] See Exhibit A.

However, the service was made on one of the Defendant's agents and it is apparent that the complaint and summons were delivered to the appropriate person in a proper manner. Within a week from the date of service via certified mail, the Defendant had contacted defense counsel and defense counsel requested additional time to respond to the complaint, which was granted by Plaintiff's counsel. Accordingly, it can not be reasonably suggested that the complaint and summons did not arrive in the proper hands. Rather, it is clear, the Defendant commenced a defense immediately after receiving the complaint and summons.

The Plaintiff strenuously objects to Defendant's claim that she made no attempt to comport with the provisions of the Convention. The Plaintiff identified the Defendant's resident agent, only to learn the Defendant withdrew from the service. The Plaintiff sent the complaint via certified mail and while the Defendant rejected to this form of service, they voluntarily accepted service of the complaint and summons which were in English. This voluntary acceptance of service should be given some consideration, even if it is just that the Defendant got timely notice of the claim and has not been prejudiced by the form of service in any way.

Moreover, under the Convention there is an allowance for service of process where it is in writing and where it is voluntarily accepted by an agent of the Defendant. Here, while not technically in conformance with Rules Fed. R.Civ.P. 4(d)(1), the Plaintiff did satisfy the substantial part of the rule such that service was written, it was effective in providing notice of the claim and was certainly received by one of Defendant's agents.

### B.) <u>THE PLAINTIFF SHOULD BE ALLOWED TO CORRECT DEFICIENCY IN SERVICE WHERE SUCH RELIEF WILL NOT OFFEND REQUIREMENTS OF DUE PROCESS OWED AND WHERE THE DEFENDANT WILL NOT SUFFER ANY PREJUDICE</u>

The Defendant has notice of the suit and has commenced a defense. Defense counsel has had conversation with Plaintiff's counsel concerning the nature of the case. Due process of law will not be denied either party if the Plaintiff is granted the opportunity to correct service. The Plaintiff has put the Defendant on notice of the suit and cause of action.

The Plaintiff has commenced service of process on the Defendant pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. [11] The Plaintiff has granted the Defendant extensions to answer the complaint. Further, the Plaintiff has informed the Defendant that Plaintiff has undertaken efforts to correct any purported deficiencies in service of process.

The Plaintiff has learned that it could take potentially four (4) months to serve the Defendant through the method proscribed by the Hague Service Convention. If it becomes necessary, the Plaintiff shall file a timely Motion For Enlargement of time under Federal R. Civ. P. 6 (b) to effect service of process.

---

[11] See Attached and marked Exhibit D: Complaint and Summons translated in German.

## C.) CONCLUSION

WHEREFORE, the Plaintiff moves this Honorable Court to deny the Defendant's Motion to Dismiss and requests leave to allow the Plaintiff the opportunity to serve the Defendant via the Hague Service Convention. The Plaintiff has commenced service of process of the complaint and summons via the Hague Service Convention. Justice and due process support Plaintiff's request that this Court deny the Defendant's Motion to Dismiss.

CATHERINE T. GILCHRIST,
Plaintiff,

By her Attorney,

*/s/ Jennie L. Caissie*
Jennie L. Caissie, Esquire
BBO # 639925
Michael V. Caplette, Esquire
BBO # 072800
Three Bowlen Avenue
Southbridge, MA 01550

## CERTIFICATE OF SERVICE

I, Jennie L. Caissie, Esq., hereby certify that I have this day served a copy of the Plaintiff's Opposition to Motion To Dismiss, Complaint and Claim of Jury Trial and Summons, both in English and German, to Joan Vorster, Esquire and Michelle Rosano, Esquire of Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, MA 01608-1477, this date.

December 3, 2004

*/s/ Jennie L. Caissie*
Jennie L. Caissie, Esquire

# EXHIBIT "A"

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 04-1781C

CATHERINE T. GILCHRIST,    Plaintiff (s)

V.

SPUHL a/k/a
SPUHL AG ST. GALLEN,    Defendant (s)

**SUMMONS**

✱ To the above-named Defendant:    Spuhl a/k/a Spuhl AG St. Gallen

You are hereby summoned and required to serve upon................................
............Jennie.L..Caissie,..Esq................................................., plaintiff's attorney,
whose address is ..Three.Bowlen.Avenue.-..Southbridge,..MA......01550....................
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the........13th............
day of ........September.......................................in the year of our Lord two thousand and
.....four.......... .

*[signature]*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✱    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.   Superior Court
Civil Action

No. 04-1781C

..........CATHERINE..T...GILCHRIST..................................Plaintiff

v.

SPUHL
..........................................................................

SUMMONS

(Mass. R. Civ. P. 4)

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE
ON THE ORIGINAL AN...

Fees: Service 30.00, Travel 5.84, Conveyance 2.00, Attest 5.00 & Postage and Handling 10.00, Total Fees: 50.69

Deputy Sheriff Nancy P. Bankowski

[Signature] Deputy Sheriff

PS Form 2865, February 1997 (Reverse)

Addressee Name or Firm: SPUHL A/K/A SPUHL AG ST. GALLEN
Street and No.: GRUNTALSTRASSE 3
Place and Country: CH-9303 WITTENBACH SWITZERLAND

Date: 11.10.04

Signature of Addressee: [signature]
Office of Destination Employee: Lobati

# EXHIBIT "B"



MIRICK O'CONNELL
ATTORNEYS AT LAW

MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

October 18, 2004

Jennie L. Cassie, Esq.
Three Bowlen Avenue
Southbridge, MA 01550

    Re: Catherine T. Gilchrist v. Spuhl
        <u>Worcester Superior Court Civil Action No. 04-1781C</u>

Dear Jennie:

    I have been asked by represent Spuhl in this case. From the Complaint and Summons I received, it is difficult to determine the service date. Can we just agree that Spuhl will file its response to the plaintiff's complaint by October 29, 2004?

                                             Sincerely,

                                             Joan O. Vorster

JOV/jcol



WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

{H:\PA\Lit\09999\jov55\A0741308.DOC}

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

www.MirickOConnell.com

BOSTON, MA
617.261.2417 • FAX 617.261.2418

# EXHIBIT "C"



MIRICK O'CONNELL
ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

October 28, 2004

Jennie L. Caissie, Esq.
Three Bowlen Avenue
Southbridge, MA 01550

    Re:  Catherine T. Gilchrist v. Spuhl
           Worcester Superior Court Civil Action No. 04-1781C

Dear Attorney Cassie:

    Thank you for providing the defendant with an extension up to and including November 15, 2004 to respond to the plaintiff's Complaint.

                        Sincerely,

                        Joan O. Vorster

JOV/jcol



WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

{H:\PA\Lit\10309\55018\A0744052.DOC}

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

www.MirickOConnell.com

BOSTON, MA
617-261-2417 • FAX 617-261-2418

# EXHIBIT "D"

# CERTIFICATION OF TRANSLATION

BEFORE ME PERSONALLY APPEARS <u>Cathy Velazquez</u> LANGUAGE COORDINATOR AT LANGUAGES UNLIMITED, WHO DEPOSES AND SAYS THAT <u>Joanna Diez</u> HAS PERFORMED THIS TRANSLATION FROM <u>English into German</u> AND SHE IS FULLY VERSED IN THESE LANGUAGES AND HAS DONE THIS TRANSLATION OF <u>Civil Action Case</u> TO THE BEST OF HER ABILITY.

THE SOURCE DOCUMENT CONSISTING OF <u>4 PAGE</u>(s) AND THE TRANSLATION CONSISTING OF <u>6 PAGE</u>(s) THIS CERTIFICATION BEING ATTACHED THERETO.

**Print Name**  Cathy Velazquez

**Signature**  *Cathy Velazquez*

SWORN TO AND SUBSCRIBED THIS <u>1st December, 2004</u>

NOTARY PUBLIC

MY COMMISSION EXPIRES:

*[Notary Seal: JOEL E. LETANG, MY COMMISSION EXPIRES September 11, 2008, #DD348660, Bonded Thru Troy Fain Insurance 800-365-7019, NOTARY PUBLIC, STATE OF FLORIDA]*

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.          Amtsgericht
                        Dienststelle Kreisgericht
                        der Commonwealth
                        Zivilprozess

**GERICHTLICHE VORLADUNG**

CATHERINE T. GILCHRIST,

GEGEN

SPÜHL auch bekannt als
SPÜHL AG ST. GALLEN                              der Angeklagte

An den oben genannten Angeklagten: Spühl, auch Spühl AG St. Gallen genannt.

Hiermit werden Sie gerichtlich vorgeladen und es wird von Ihnen verlangt, eine Antwort auf diese Klageschrift die hiermit an Sie zugestellt wurde, an Frau Jennie L. Caissie, Esq., die Anwältin des Klägers zuzustellen, innerhalb von 20 Tagen von Zustellung dieser gerichtlichen Vorladung, berechnet vom Tag nach dem Tag der Zustellung. Falls Sie dies unterlassen, wird ein Urteil gegen Sie auf die im Klageantrag genannte Entschädigung fallen. Sie sind auch verpflichtet, Ihre Antwort beim Landgericht – Abteilung Kreisgericht im WORCESTER entweder vor der Zustellung an die Anwältin der Klägerin, oder innerhalb einer angemessenen Zeit danach einzureichen.

Falls nicht anders durch die Regel 13 (a) vorgeschrieben, muss Ihre Antwort die Form eines Gegenanspruchs haben, falls Sie einen Anspruch gegen die Klägerin haben, was sich aus dem Vorgang der Ereignisse ergeben sollte, der Gegenstand dieser Vorladung ist; andernfalls wird eine Möglichkeit eines solchen Anspruches in jeglicher anderer Klage verjährt sein.

Zeugin, Frau SUZANNE V. DEL VECCHIO, Esq., in Worcester, am 13. September des Jahres zwei tausend und vier.


[Unterschrift]
Gerichtsschreiber

ANMERKUNGEN:
1. Diese Vorladung wird gemäss Regel 4 des Massachusetts Rules of Civil Procedure (Massachusetts Regeln des Zivilverfahrens) ausgestellt.
2. Falls mehr als ein Angeklagter vorhanden ist, sollen die Namen der Angeklagten in der Überschrift eingetragen werden.

BITTE ENTSPRECHENDE KLAGEART EINKREISEN: ZIVILRECHTLICHES DELIKT – KRAFTFAHRZEUGDELIKT – RECHTSMITTEL NACH BILLIGKEITSRECHT – CH.93A – MEDIZINISCHER KUNSTFEHLER – SONSTIGE

Anmerkung an den Angeklagten: Sie müssen nicht persönlich im Gericht erscheinen, um diese Anklage zu beantworten, jedoch falls Sie eine Verteidigung wollen, müssen entweder Sie oder Ihr Anwalt eine Kopie Ihrer Antwort innerhalb von 20 Tagen zuzustellen, wie in diesem Schreiben beschrieben, UND das Original im Büro des Gerichtsschreibers des Oberlandesgerichts, Raum 21, einreichen.



Worcester, ss.                    COMMONWEALTH OF MASSACHUSETTS
                                  Oberlandesgericht
                                  Zivilprozess Nr.


KLAGESCHRIFT UND ANTRAG AUF ENTSCHEIDUNG DURCH
GESCHWORENENGERICHT

CATHERINE T. GILCHRIST,
Klägerin

GEGEN


SPÜHL auch bekannt als
SPÜHL AG ST. GALLEN                              der Angeklagte

1. Die Klägerin, Catherine T. Gilchrist, ist eine natürliche Person, wohnhaft in Oxford, Worcester County, Massachusetts.
2. Der Angeklagte, Spühl, auch Spühl AG St. Gallen genannt, ist ein Maschinenhersteller mit Hauptsitz in Wittenbach, St. Gallen, in der Schweiz, der Maschinen exportiert und an Kunden in Massachusetts und in ganz USA verkauft.
3. Spühl ist die Tochtergesellschaft von Leggett & Platt, Incorporated, das eine ordnungsgemäss aufgebaute Handelsgesellschaft ist mit Hauptsitz in One Leggett Road, Carthage, Missouri.
4. Am 5. Oktober, 2001, hat die Klägerin einen CS-420-Z Assemblierer gebraucht, das vom Angeklagten hergestellt und geliefert wurde.
5. An dem Tag und Ort hat sich die Klägerin verletzt, als sie die vom Angeklagten hergestellte Maschine benutzt het.
6. Die Klägerin erlitt Verletzungen an ihrer rechten Hand, infolge deren eine Amputation des rechten Zeigefingers und eine Teilamputation des mittleren Fingers durchgeführt wurde.
7. Die Klägerin wurde unmittelbar infolge einer Fahrlässigkeit des Angeklagten verletzt.
8. Die Fahrlässigkeit des Angeklagten bestand im Folgendem:
    (a) Er hat einen defekten Assemblierer hergestellt;
    (b) Er hat unterlassen, den Assemblierer regelrecht herzustellen und auszuführen;
    (c) Er hat unterlassen, den Assemblierer regelrecht aufrechtzuerhalten und zu warten;
    (d) Er hat unterlassen, entsprechende Warnungen oder Hinweise über die gefährlichen Eigenschaften des Assemblierers.
9. Als unmittelbare Nachfolge der Fahrlässigkeit des Angeklagten hat die Klägerin Personalschäden an ihrer rechten Hand erlitten, war gezwungen, ärztliche Kosten

zu tragen, war und ist behindert, täglichen Aktivitäten nachzugehen, sowie hat bleibende Schäden am Körper und Gemüt erlitten.

WESHALB verlangt die Klägerin ein Urteil gegen den Angeklagten im Bezug auf zugezogene Schäden, sowie das Aufkommen für Kosten und Zinsen.

DIE KLÄGERIN VERLANGT EINE VERHANDLUNG VOR DEM GESCHWORENENGERICHT IN ALLEN ANKLAGEPUNKTEN

CATHERINE T. GILCHRIST, Klägerin
vertreten von ihrer Anwältin
[Unterschrift]
Jennie L. Caissie, Esq.
BBO No. 639925
Three Bowlen Avenue
Southbridge, MA 01550
(508) 765-0885
9. September, 2004



**ZIVILPROZESS**
**DECKBLATT**

Dienststelle Landesgericht
Bezirk: Worcester

Kläger:
*CATHERINE T. GILCHRIST*

Angeklagter:
*SPÜHL auch bekannt als SPÜHL AG ST. GALLEN*

Anwalt, Firmenname, Adresse und Telefonnummer
*Jennie L. Caissie, Esq.*

Anwalt (wenn bekannt)

Ursprungscode und vorgesehener Rechtsweg
☒ 1. F01 erste Klage
☐ 2. F02 Streichung ans OLGericht C. 231 s.104 (F)
☐ 3. F03 Rückübertragung ans OLGericht C. 231, s. 102C (X)
☐ 4. F04 Berufung ans Amtsgericht C. 231, s. 97 & 104 (nach dem Verfahren) (X)
☐ 5. F05 Reaktiviert nach allerhöchstem Bescheid; Unterlassung vom Urteil/Verordnung (Mass.R.Clv.P.80) (X)
☐ 6. E10 Berufung im summarischen Verfahren (X)

KLAGEART UND VORGESEHENER RECHTSWEG (s. Rückseite)
CODE NR.                                                         *B05*
KLAGEART (erläutern)                                  *Produkthaftpflicht*
RECHTSWEG                                                      *A*
IST DIES EIN PROZESS DES GESCHWORENENGERICHTS?   Ja (*x*)   Nein ( )

Das Nachstehende ist eine vollständige und spezifizierte Angabe der Tatsachen, welche für den Kläger Grundlage seines Anspruchs auf geldliche Entschädigung sind. Für die Zwecke des Formulars, bitte doppelte oder dreifache Schäden ausser Acht lassen; nur einzelne Schäden angeben.

    A. Dokumentierte Behandlungskosten bis heute
    1. Gesamtkosten für Krankenhausaufenthalt          $ 14,500.00
    2. Gesamtkosten für ärztliche Behandlung           $   9,500.00
    3. Gesamtkosten für chiropraktische Behandlung    $
    4. Gesamtkosten für Physiotherapie                $   5,500.00
    5. Sonstige Kosten (gesamt)                       $
                                 Zwischensumme:          $ 29,500.00
B. Dokumentierter entgangener Lohn und Vergütung bis heute $ 20,000.00
C. Dokumentierte Sachschäden bis heute                  $

*[Seal: CERTIFIED TRANSLATION SEAL — UNITED STATES OF AMERICA — LANGUAGES UNLIMITED]*

| | |
|---|---|
| D. Begründete Erwartungen betreffend künftige Behandlungs- und Krankenhauskosten | $ 10,000.00 |
| E. Begründete Erwartungen betreffend entgangene Löhne | $ 80,000.00 |
| F. Andere dokumentierte Gegenstände oder Schäden (bitte beschreiben) | $ |
| G. Kurze Beschreibung der Verletzung des Klägers, mit Art und Ausmass der Verletzung (bitte beschreiben) | |

Die Klägerin wurde bei der Bedienung des Assemblierers verletzt. Sie erlitt Verletzungen an der rechten Hand, infolge deren eine Amputation des rechten Zeigefingers und eine Teilamputation des mittleren Fingers durchgeführt wurde.
                              Summe:            $139,500.00

VERTRAGSBRUCHKLAGE
(wenn notwendig, bitte zusätzliche Blätter hinzufügen)
Bitte den Gegenstand der Klage(n) beschreiben:
                              Summe:            $

BITTE NUMMER, NAME UND ZUSTÄNDIGES BEZIRK IRGENDWELCHER ANVERWANDTEN UND IN DER DIENSTSTELLE DES LANDGERICHTS RECHTSHÄNGIGEN RECHTSSACHEN NENNEN.

Hiermit bestätige ich, dass ich die Anforderungen der Regel 6 der Supreme Court Uniform Rules on Dispute Resolution (einheitliche Regeln des Oberlandesgerichts über Rechtsstreite) (SJC Regel 1:18) Oberlandesgerichts einhalte, die erfordern, dass ich meine Kunden über mit dem Gericht verbundene Schlichtungsmöglichkeiten informiere und dass ich mit ihnen die Vor- und Nachteile der diversen Methoden bespreche.
Unterschrift des prozessbevollmächtigten Anwalts: [Unterschrift] Datum: 09/09/04

