UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE T. GILCHRIST,<br>    Plaintiff<br><br>v.<br><br>SPÜHL, a/k/a<br>SPÜHL AG ST. GALLEN,<br>    Defendant | CIVIL ACTION NO.<br>04-CV-40235-FDS |

**ANSWER OF THE DEFENDANT, SPÜHL a/k/a SPÜHL AG ST. GALLEN, TO THE COMPLAINT OF THE PLAINTIFF, CATHERINE T. GILCHRIST**

FIRST DEFENSE

  The Defendant, Spühl a/k/a Spühl AG St. Gallen, answers the separately numbered paragraphs of the Complaint as follows:

  1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

  2. The defendant denies the allegations contained in this paragraph.

  3. The defendant denies the allegations contained in this paragraph.

  4. The defendant denies the allegations contained in this paragraph.

  5. The defendant denies the allegations contained in this paragraph.

  6. The defendant denies the allegations contained in this paragraph.

  7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

   (a) The defendant denies the allegations contained in this paragraph.

   (b) The defendant denies the allegations contained in this paragraph.

   (c) The defendant denies the allegations contained in this paragraph.

   (d) The defendant denies the allegations contained in this paragraph.

   (e) The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

### SECOND DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

### THIRD DEFENSE

This action is barred by operation of the applicable statute of limitations.

### FOURTH DEFENSE

This court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### FIFTH DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(2).

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### SEVENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### EIGHTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### NINTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### TENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19.

### ELEVENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(8) for misnomer of a party.

### TWELFTH DEFENSE

The plaintiff has failed to provide timely notice of any breach of warranty, thus the plaintiff is barred from recovery.

### THIRTEENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the

grounds that the plaintiff fails to state a claim under the applicable foreign law.

### FOURTEENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the law (other than Massachusetts) of a foreign jurisdiction should apply and therefore the plaintiff can maintain no such claim.

### FIFTEENTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

### SIXTEENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the plaintiff knowingly used a product that was dangerous or defective.

### SEVENTEENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the plaintiff or others misused the product.

EIGHTEENTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the plaintiff or other altered the product.

NINETEENTH DEFENSE

This action is barred by the provisions of the Workers' Compensation statute, G.L. c. 152.

**THE DEFENDANT DEMANDS A TRIAL BY JURY.**

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

Date: 3/2/05

THE DEFENDANT,
SPÜHL a/k/a
SPÜHL AG ST. GALLEN,
BY ITS ATTORNEYS,

_____
Anthony M. Campo, BBO# 552093
Scott M. Carroll, BBO# 640852
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

P:\WordDocs\Cases\6421\Pleadings\Ans to Cpl 3-2-05.doc

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d) I, Scott M. Carroll, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

**Plaintiff's Counsel:**

Jennie L. Caissie, Esq.
3 Bowlen Avenue
Southbridge, MA 01550

**Defendant's Counsel:**

Joan O. Vorster, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Suite 1700
Worcester, MA 01608-1477

SIGNED UNDER THE PENALTIES OF PERJURY THIS 2 DAY OF March, 2005

Scott M. Carroll, BBO# 640852
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775